# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )       Case No.
  )
LG Aristo Cellular Phone, )
IMEI: 353661083936791 )
  )

**FILED**
SEP 2 9 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

**APPLICATION FOR A SEARCH WARRANT**     **17MJ3621**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A-1 (incorporated herein)

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B (incorporated herein)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

*Code Section*                  *Offense Description*
21 U.S.C. 952, 960, 963         Importation of a Controlled Substance

The application is based on these facts:
See Affidavit of Grant Carter (incorporated herein)

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

DEA Special Agent Grant Carter
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/29/17

*Judge's signature*

City and state: San Diego, CA             Hon. Karen S. Crawford, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br><br>LG Aristo Cellular Phone,<br>IMEI: 353661083936791 | **AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT** |

I, Grant Carter, Special Agent with the Drug Enforcement Administration (DEA) having been duly sworn, state as follows:

## INTRODUCTION

1. This affidavit is made in support of an application for a warrant to search: A LG Aristo Cellular Phone, IMEI: 353661083936791 (hereinafter "Target Telephone 1"), and an Apple iPhone, IMEI: 359179079160171 (hereinafter "Target Telephone 2" and collectively known as the "Target Telephones") both seized from Nallely Garcia (hereinafter "GARCIA"), as more particularly described in Attachments A-1 and A-2, respectively.

2. The Target Telephones were seized from GARCIA on or about July 31, 2017 at about the time of her arrest. It is believed that Target Telephones were used by GARCIA to communicate with co-conspirators during a drug smuggling event on July 31, 2017. GARCIA has been charged with importation of 21.16 kilograms of methamphetamine in the Southern District of California. Probable cause exists to believe that the Target Telephones contain evidence relating to violations of Title 21, United States Code Sections 952, 960, and 963. The Target Telephones are currently in the possession of the Drug Enforcement Administration in San Diego, CA.

3. Based on the information below, there is probable cause to believe that a search of Target Telephones will produce evidence of the aforementioned crimes, as described in Attachment B.

4.     This affidavit is based upon information I have gained through training and experience, as well as upon information related to me by other individuals, including law enforcement officers. In preparation of this affidavit, I have discussed the facts of this case with other law enforcement agents and officers within the DEA and the Department of Homeland Security. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known concerning this investigation but have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence relating to violations of Title 21, United States Code, Sections 952, and 960, described in Attachment B, is located on Target Telephones described in Attachments A-1 and A-2.

## EXPERIENCE AND TRAINING

5.     I am a Drug Enforcement Administration (DEA) Special Agent. I am currently assigned to the San Diego Field Division Enforcement Group 1. I have been employed by the DEA since March 2008. During my time with the DEA, I have investigated illicit controlled substance trafficking in San Diego and surrounding areas. I have had formal training and experience in controlled substance investigations and I am familiar with the manner in which controlled substances are packaged, marketed, and consumed.

6.     During my tenure, I have participated in investigations involving the use, possession, and distribution of controlled substances ranging from street level dealers up to sophisticated drug trafficking organizations. Pursuant to my participation in those investigations, I have performed various tasks which include, but are not limited to: assisting case agents, of specific investigations involving the use, possession and trafficking of drugs; functioning as a surveillance agent and thereby observing and recording movements of persons trafficking in drugs and those suspected of trafficking drugs; interviewing witnesses, cooperating individuals, and informants relative to the illegal trafficking and distribution of illegal drugs; participating in investigations involving the purchase of controlled substances, the execution of search warrants, surveillance in connection with narcotic investigations, and the interviews of confidential sources.

2

7. In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of narcotics investigations, and the opinions stated below are shared by them. Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit.

8. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

   a. Drug smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.
   
   b. Drug smugglers believe that cellular telephones provide greater insulation and protection against court-ordered wiretaps, and they believe in the inability of law enforcement personnel to simultaneously track the originating and destination telephone numbers of calls placed to and from their cellular telephones.
   
   c. Drug smugglers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.
   
   d. Drug smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.
   
   e. Drug smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.
   
   f. Drug smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of Border Patrol checkpoints.

## STATEMENT OF PROBABLE CAUSE

9. On July 31, 2017, at approximately 7:50 p.m., GARCIA applied for entry into the United States from Mexico through Otay Mesa, California (CA) Port of Entry (POE).

3

GARCIA was the driver of a 2011 black Volkswagen Jetta sedan, bearing a CA license plate, 7NYS614, and accompanied by her two minor children.

10. When attempting to enter the United States, a Customs and Border Protection Officer ("CBPO") inspected GARCIA and the car. While inspecting the vehicle's undercarriage the CBPO noticed a discrepancy in the rear bumper. After receiving two negative customs declarations from GARCIA, the CBPO asked her questions which she answered stating that she was visiting family in Tijuana and had owned the vehicle since September. During the interview, the CBPO observed that GARCIA seemed nervous. The CBPO inspected the bumper and discovered packages hidden inside. At this time, GARCIA was escorted to the security office and the vehicle was driven to the security lot for further inspection.

11. Another CBPO inspected the vehicle further. The CBPO removed a total of forty-one (41) packages from the rear bumper of the vehicle. The contents of one (1) package contained a crystalline substance. A sample of the substance tested positive for the characteristics of methamphetamine.

12. A CBPO then placed GARCIA under arrest. At the time of GARCIA's arrest, CBPOs seized the Target Telephones in her possession as evidence.

13. Based on my investigation in a related case, I believe that GARCIA is involved in an ongoing conspiracy to distribute methamphetamine. Beginning in October 2016, the DEA began investigating a group of individuals who coordinate the importation of methamphetamine and cocaine to distribute it further into the United States. Specifically, on June 7, 2016, GARCIA's brother crossed a vehicle into the United States at 12:50 a.m. through the Otay Mesa POE. Later that morning, he parked the vehicle at 2054 Bluehaven Court, San Diego, CA 92154, which is the home address GARCIA provided when she was arrested on July 31, 2017. Another individual picked up the vehicle from the Bluehaven address. As he was on his way to another location that has been identified as a stash house, California Highway Patrol stopped the vehicle. A search of the vehicle revealed 66

1  packages containing 29.5 kilograms of 99% pure methamphetamine and 1 kilogram of cocaine.

14. Based on my experience investigating narcotics smugglers, I also believe that GARCIA used the Target Telephones to coordinate with co-conspirators regarding the transportation and delivery of the methamphetamine and to otherwise further this conspiracy both inside and outside the United States. I also know that recent calls made and received, phone numbers, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of electronic devices described herein, which identify other persons involved in narcotics trafficking activities.

15. Based upon my experience and investigation in this case, I believe that GARCIA, as well as other persons, was involved in an on-going conspiracy to import, transport, possess, and distribute methamphetamine throughout Southern California beginning as early as October 2016. I respectfully request permission to search Target Telephones for data beginning on October 1, 2016 up to and including July 31, 2017.

16. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the methamphetamine smuggling of GARCIA, and co-conspirators, such as phone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the electronic devices described herein.

**PROCEDURES FOR ELECTRONICALLY STORED INFORMATION AS TO THE CELLULAR TELEPHONE**

17. It is not possible to determine, merely by knowing the cellular telephone's make, and FCC, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and

5

have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

18. Following the issuance of this warrant, I will collect the Target Telephones and subject them to analysis. All forensic analysis of the data contained within the telephones and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

19. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

20. In this case, based on the significant weight and value of the methamphetamine and the method of its concealment within the vehicle, as well as my training and experience, I respectfully submit that there is probable cause to believe that evidence of violations of

6

1 Title 21, United States Code, Sections 952, 960, and 963 may be located on the Target
2 Telephones described in Attachments A-1 and A-2. I, therefore, respectfully request that
3 the attached warrant be issued authorizing the search and seizure of the items listed in
4 Attachment B.

Grant Carter
Special Agent
Drug Enforcement Administration

SUBSCRIBED and SWORN to before me
this 24th day of September, 2017

THE HONORABLE KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

7

# ATTACHMENT A-1
# PROPERTY TO BE SEARCHED

An LG Aristo Cellular Phone, IMEI: 353661083936791, seized from Nallely GARCIA on July 31, 2017 at the Otay Mesa, California, Port of Entry. It is currently in the possession of the United States Drug Enforcement Administration, San Diego, California.

## ATTACHMENT B

## ITEMS TO BE SEIZED

Authorization to search the Target Telephones described in Attachments A-1 and A-2 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephones. The seizure and search of the Target Telephones will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the Target Telephones described in Attachments A1 and A2 will be electronic records, communications, and data such as emails, text messages, photographs, audio files, videos, and location data, for the period from October 1, 2016 to July 31, 2017:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:
   a. tending to indicate efforts to smuggle narcotics from Mexico to the United States and within the United States;
   b. tending to identify other facilities, storage devices, or services—such as email addresses, IP addresses, phone numbers—that may contain electronic evidence tending to indicate efforts to smuggle narcotics from Mexico to the United States and within the United States;
   c. tending to identify co-conspirators, criminal associates, or others involved in smuggling narcotics from Mexico to the United States and within the United States;
   d. tending to identify travel to or presence at locations involved in the smuggling of narcotics from Mexico to the United States and within the United States, such as stash houses, load houses, or delivery points.
   e. tending to identify the user of, or persons with control over or access to, the subject phones; or
   f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

which are evidence of violations of Title 21, United States Code, Sections 952, 960, and 963.

The seizure and search of the cellular phones shall follow the procedures outlined in the supporting affidavit.